**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

ORIGINAL

| |
|---|
| **SULTAN MARUF,**<br><br>*Plaintiff,*<br><br>-against-<br><br>**STONY BROOK UNIVERSITY;**<br><br>**NICHOLAS PREWETT**, in his individual capacity for damages and in his official capacity solely for prospective injunctive relief;<br><br>**LILY BLOCKER**, in her individual capacity for damages and in her official capacity solely for prospective injunctive relief;<br><br>**JOHN/JANE DOES** 1–10, in their individual capacities for damages and in their official capacities solely for prospective injunctive relief,<br><br>*Defendants.* |

CV26 - 617

Civil Action No. _____

DeARCY HALL, J.

ESHKENAZI, M.J.

COMPLAINT (ADA Title II, Section 504, Retaliation, and 42 U.S.C. § 1983)

JURY TRIAL DEMANDED

## I. INTRODUCTION

1. Plaintiff Sultan Maruf ("Plaintiff") is a qualified individual with disabilities who has been formally registered with Stony Brook University's Student Accessibility Support Center ("SASC") since 2022.

2. This action arises from Defendants' intentional disability discrimination, failure to provide reasonable accommodations, retaliation for protected activity, and

unconstitutional conduct in connection with Plaintiff's access to federally regulated financial aid and academic programs at Stony Brook University ("SBU").

3. Defendant Nicholas Prewett, Executive Director of Financial Aid, imposed and reaffirmed a personal, categorical ban on Plaintiff's access to federally mandated Professional Judgment ("PJ") and budget increase review procedures, despite Plaintiff's continued eligibility and a multi-year history of identical requests being approved.

4. Defendant Lily Blocker, an MBA professor and program co-director, refused to engage in the required interactive accommodation process after receiving formal written notice from SASC of Plaintiff's documented medical crisis, instead directing Plaintiff to drop and retake the course, resulting in academic failure and additional tuition liability.

5. Defendants' conduct denied Plaintiff meaningful access to SBU's financial aid and academic programs, was taken with discriminatory and retaliatory motive, and reflected deliberate indifference and irrational hostility toward Plaintiff because of his disability and protected activity.

6. Plaintiff seeks declaratory and prospective injunctive relief, compensatory damages where legally available, punitive damages against individual defendants under 42 U.S.C. § 1983, and costs and attorney's fees.

---

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over any related state-law claims, if any.

9. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because Plaintiff resides in Queens County, New York, and a substantial part of the events and omissions giving rise to the claims occurred within this District.

10. Defendant Stony Brook University receives federal financial assistance, including Title IV funds, and has waived Eleventh Amendment immunity for claims brought under Section 504.

11. Plaintiff seeks prospective injunctive and declaratory relief against Defendants Prewett and Blocker in their official capacities pursuant to Ex parte Young, 209 U.S. 123 (1908).

---

## III. PARTIES

12. Plaintiff Sultan Maruf is an adult resident of Queens County, New York, and a graduate student enrolled at Stony Brook University.

13. Defendant Stony Brook University ("SBU") is a public university within the State University of New York ("SUNY") system and a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

14. Defendant Nicholas Prewett ("Prewett") acted under color of state law at all relevant times and exercised final or delegated decision-making authority over Plaintiff's access to financial aid procedures, including PJ and budget increase review.

15. Defendant Lily Blocker ("Blocker") acted under color of state law at all relevant times as a faculty member and program administrator within SBU's College of Business, with authority over Plaintiff's academic accommodations in MBA coursework.

16. Defendants John/Jane Does 1–10 are employees or agents of SBU whose identities are presently unknown. They personally participated in, directed, approved, or knowingly ratified the unlawful conduct alleged herein and will be substituted by name upon discovery.

---

## IV. FACTUAL ALLEGATIONS

### A. Disability Status and Established Accommodations

17. Plaintiff has documented psychiatric and physical disabilities that substantially limit one or more major life activities.

18. Plaintiff has been formally registered with SASC since 2022 and has been recognized by SBU as entitled to reasonable accommodations.

19. From 2021 through Spring 2024, SBU repeatedly approved Plaintiff's PJ and budget increase requests for disability-related medical expenses, including health insurance premiums, prescription-medication costs, and documented housing expenses supported by rental agreements.

**B. August 29, 2024 Categorical Ban on Professional Judgment**

20. On August 29, 2024, Plaintiff requested expedited processing of his Graduate PLUS Loan due to medical and financial hardship.

21. On that same date, Defendant Prewett responded to Plaintiff in writing: "We will not be processing additional budget requests for you."

22. This statement imposed a personal, categorical ban on Plaintiff's access to PJ and budget increase review, departing from SBU's prior practice of annually approving Plaintiff's PJ/budget increase requests and from federal regulations that contemplate individualized consideration of student circumstances.

23. In connection with this ban, Defendant Prewett further conditioned financial aid consideration on Plaintiff's disclosure of his "career objective," a factor that is not a permissible Title IV eligibility criterion under federal law.

24. Defendant Prewett provided no individualized assessment of Plaintiff's circumstances, no written explanation of the reasons for the categorical ban, no notice of appeal rights, and no access to any fair internal review process regarding the denial of PJ review.

25. Upon information and belief, no other similarly situated SBU student was subjected to such a categorical prohibition on submitting PJ or budget increase requests.

**C. Retaliation Following Protected Activity**

26. After the August 29, 2024 categorical ban, Plaintiff engaged in protected activity by filing disability-discrimination complaints with SBU's Office of Equity and Access ("OEA") and with the U.S. Department of Education's Office for Civil Rights ("OCR").

27. Defendants, including SBU administrators and officials within the Financial Aid Office, had actual knowledge of Plaintiff's protected activity through receipt of Plaintiff's written internal complaints and notice of his filings with OCR.

28. Shortly after Defendants became aware of Plaintiff's protected activity, SBU, acting through Defendant Prewett and the Financial Aid Office, reaffirmed the categorical PJ ban in communications to Plaintiff, expressly referencing the August 29, 2024 directive and stating that no additional budget increase requests would be considered.

29. On or about September 15, 2024, Defendants cancelled Plaintiff's Graduate PLUS Loan for the Fall 2024 term, issuing a notice entitled "Not Meeting Federal Satisfactory Academic Progress (FedSAP) – Ineligible for Fall 2024 Federal Student Aid" and citing "Maximum Time Frame – Your total number of attempted terms equals 14" as the basis.

30. The SAP justification given in the cancellation notice was factually incorrect and was later disproven through the SAP appeal process, after which the Financial Aid Office was compelled to reverse the decision and restore Plaintiff's eligibility.

31. Although Plaintiff's Graduate PLUS financial aid had been scheduled for disbursement in or about August 2024, Defendants delayed disbursement until approximately November 1, 2024, a delay that occurred after Plaintiff's protected complaints and that exacerbated Plaintiff's financial hardship and housing instability.

32. In addition, Defendants reduced Plaintiff's assessed Cost of Attendance by excluding mandatory student health insurance costs and certain documented housing expenses, thereby reducing the amount of federal aid Plaintiff could receive despite his continued enrollment and obligation to maintain coverage.

33. From approximately August 2024 through at least early 2026, Defendants further refused to provide additional Graduate PLUS Loan eligibility to cover Plaintiff's documented actual housing expenses, even though Plaintiff's actual monthly rent exceeded the amount recognized by the Financial Aid Office.

34. During this period, Plaintiff's actual rent exceeded the university-recognized housing allowance by approximately $700 to $800 per month, creating a persistent shortfall.

35. As a result of Defendants' actions described in this Section, Plaintiff incurred a cumulative budget deficit of approximately $15,217 related to housing and medical expenses, exclusive of additional ongoing losses.

36. The close temporal proximity between Plaintiff's protected activity and Defendants' adverse actions, Defendants' departure from prior practice, and Defendants' reliance on demonstrably false SAP justifications together support a strong inference that Defendants' actions were retaliatory in violation of federal law.

**D. November 21, 2024 Accommodation Refusal by Blocker**

37. During Fall 2024, Plaintiff was enrolled in MBA 506, a course taught by Defendant Blocker within SBU's College of Business.

38. In or about November 2024, Plaintiff experienced a documented medical crisis that significantly impaired his ability to complete coursework in MBA 506.

39. On November 21, 2024, SASC formally notified Defendant Blocker in writing of Plaintiff's disability and medical crisis and requested that Blocker consider

accommodation options, including granting Plaintiff an Incomplete for MBA 506 or providing other reasonable flexibility in deadlines and course requirements.

40. Despite receiving this formal notice from SASC, Defendant Blocker refused to offer any accommodation and instructed Plaintiff to drop and retake the course in a future term.

41. Defendant Blocker did not engage in the interactive process required under disability-rights law and university policy, did not meaningfully consider the reasonable accommodation options proposed by SASC, and did not propose any alternative accommodations.

42. As a direct and proximate result of Blocker's refusal to accommodate Plaintiff's documented medical crisis, Plaintiff failed MBA 506 and incurred additional tuition costs associated with both the failed course and the need to retake it in a future term.

---

## V. CAUSES OF ACTION

### COUNT I

Title II of the Americans with Disabilities Act – Disability Discrimination

(Against Stony Brook University Only)

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff is a qualified individual with disabilities within the meaning of Title II of the ADA, 42 U.S.C. § 12131(2).

45. Defendant Stony Brook University is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

46. By imposing a personal, categorical ban on Plaintiff's access to PJ and budget increase review while permitting other similarly situated students to seek individualized consideration, SBU denied Plaintiff the benefits of, and subjected Plaintiff to discrimination in, its financial aid services and programs by reason of his disability.

47. By failing to modify its financial aid practices to consider Plaintiff's disability-related medical and housing expenses, and by refusing to consider Plaintiff's PJ requests on an individualized basis after years of approvals, SBU further denied Plaintiff meaningful access to its educational programs and activities.

48. As alleged above, SBU acted with deliberate indifference to Plaintiff's rights under Title II in that it knew or reasonably should have known that its categorical ban and related conduct were substantially likely to violate Plaintiff's federally protected rights and failed to take appropriate corrective action.

49. As a direct and proximate result of SBU's violation of Title II, Plaintiff has suffered financial losses, including but not limited to the approximately $15,217 budget deficit described above, additional educational and tuition costs, and other damages in an amount to be determined at trial.

**COUNT II**

Section 504 of the Rehabilitation Act – Disability Discrimination

(Against Stony Brook University Only)

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51. SBU is a program or activity receiving federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

52. Plaintiff is an individual with a disability who is otherwise qualified to participate in SBU's educational programs and to receive its financial aid services.

53. By categorically barring Plaintiff from submitting PJ and budget increase requests for disability-related medical and housing expenses, cancelling or delaying his financial aid disbursements on demonstrably false SAP grounds, and reducing his Cost of Attendance in a manner that uniquely disadvantaged him, SBU excluded Plaintiff from participation in, denied him the benefits of, and subjected him to discrimination under educational programs and activities receiving federal financial assistance, solely by reason of his disability.

54. SBU acted with deliberate indifference to Plaintiff's rights under Section 504.

55. As a direct and proximate result of SBU's violation of Section 504, Plaintiff has suffered and continues to suffer financial and educational harms as described above.

**COUNT III**

ADA Title II & Section 504 – Retaliation

(Against Stony Brook University Only)

56. Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57. Plaintiff engaged in protected activity under the ADA and Section 504 by filing disability-discrimination complaints with SBU's Office of Equity and Access and with the U.S. Department of Education's Office for Civil Rights.

58. SBU, through its administrators and decision-makers, had actual knowledge of Plaintiff's protected activity.

59. Shortly after SBU learned of Plaintiff's protected activity, SBU, acting through Defendant Prewett and the Financial Aid Office, reaffirmed the personal categorical ban on Plaintiff's PJ and budget increase requests, cancelled Plaintiff's Graduate PLUS Loan for Fall 2024 on false SAP grounds, delayed disbursement of restored aid until November 1, 2024, and reduced Plaintiff's Cost of Attendance by excluding mandatory health insurance and necessary housing expenses.

60. These actions constituted materially adverse actions that would dissuade a reasonable person from engaging in protected activity.

61. The temporal proximity between Plaintiff's protected activity and SBU's adverse actions, SBU's departure from its prior multi-year practice of approving Plaintiff's PJ requests, and its reliance on demonstrably false justifications support a causal connection between the protected activity and the adverse actions.

62. As a direct and proximate result of SBU's retaliation in violation of the ADA and Section 504, Plaintiff has suffered financial losses, housing instability, and educational harms as described above.

**COUNT IV**

Failure to Provide Reasonable Accommodations

(Against Stony Brook University; Ex parte Young Relief Only Against Prewett & Blocker)

63. Plaintiff repeats and realleges paragraphs 1 through 62 as if fully set forth herein.

64. Plaintiff is an individual with disabilities known to SBU and to Defendants Prewett and Blocker, and is otherwise qualified to participate in SBU's educational programs and financial aid services.

65. Plaintiff requested reasonable accommodations in SBU's financial aid processes, including individualized PJ and budget increase review to account for disability-related medical and housing expenses that SBU had previously recognized and approved for multiple years.

66. Plaintiff, through SASC, also requested reasonable accommodations in his MBA 506 course, including but not limited to an Incomplete or other deadline and workload flexibility in light of his documented medical crisis.

67. SBU, acting through Defendant Prewett and other financial aid personnel, refused to consider Plaintiff's PJ and budget increase requests on an individualized basis and instead imposed a categorical personal ban, without articulating any undue hardship or fundamental alteration that would result from providing the requested accommodations.

68. SBU, acting through Defendant Blocker in MBA 506, refused to provide any accommodation after receiving SASC's written notice and instead instructed Plaintiff to drop and retake the course, without articulating any undue hardship, fundamental alteration, or legitimate pedagogical reason for denying the requested accommodations.

69. Defendants failed to engage in a good-faith interactive process with Plaintiff and SASC to identify and implement reasonable accommodations in both the financial aid and academic contexts.

70. As a direct and proximate result of Defendants' failure to provide reasonable accommodations, Plaintiff suffered financial losses, including a significant budget deficit and additional tuition charges, as well as educational harms such as failing MBA 506 and being required to retake the course.

71. Plaintiff seeks damages against SBU for these harms where legally available and prospective injunctive relief against Defendants Prewett and Blocker in their official capacities to require compliance with PJ procedures and SASC-recommended accommodations going forward.

**COUNT V**

42 U.S.C. § 1983 – Equal Protection

(Against Prewett, Blocker, and Does 1–10 in Their Individual Capacities)

72. Plaintiff repeats and realleges paragraphs 1 through 71 as if fully set forth herein.

73. At all relevant times, Defendants Prewett, Blocker, and Does 1–10 were acting under color of state law.

74. Plaintiff is a disabled student and, as such, a member of a class of persons historically subject to discrimination and stereotypical assumptions.

75. Defendant Prewett, with the participation or ratification of one or more Doe Defendants, intentionally treated Plaintiff differently from other similarly situated students by imposing a personal, categorical ban on Plaintiff's ability to submit PJ and budget increase requests, by cancelling and delaying his financial aid on false grounds, and by refusing to recognize medical and housing expenses that were recognized for others.

76. Upon information and belief, no other similarly situated SBU student was subjected to such a categorical PJ ban or uniquely restricted from uploading PJ or budget increase applications.

77. Defendants' differential treatment of Plaintiff was irrational and punitive, lacked any legitimate educational or financial aid justification, and was motivated by Plaintiff's disability and his protected complaints about disability-based discrimination.

78. Defendant Blocker, with the participation or ratification of one or more Doe Defendants, intentionally refused to provide Plaintiff with disability accommodations in MBA 506, while SBU and its faculty generally provide accommodations recommended by SASC to other disabled students.

79. Defendants' actions lacked a rational basis and were undertaken with discriminatory and retaliatory animus toward Plaintiff because of his disability and his protected activity, thereby violating the Equal Protection Clause of the Fourteenth Amendment.

80. Defendants are not entitled to qualified immunity because, at the time of the events alleged herein, it was clearly established that state officials may not intentionally discriminate against disabled individuals in public higher-education and financial aid programs without at least a rational basis.

81. As a direct and proximate result of Defendants' equal-protection violations, Plaintiff has suffered financial, educational, and other damages in an amount to be determined at trial.

**COUNT VI**

42 U.S.C. § 1983 – Procedural Due Process

(Against Prewett and Does 1–10 in Their Individual Capacities)

82. Plaintiff repeats and realleges paragraphs 1 through 81 as if fully set forth herein.

83. At all relevant times, Plaintiff was an enrolled graduate student at SBU in good standing and, under SBU's policies and practices and New York law, had a legitimate entitlement and constitutionally protected property interest in (a) continuing his enrollment so long as he met academic and conduct requirements, and (b) continued eligibility to be considered for institutional administration of federal financial aid on the same terms as other students.

84. Plaintiff's ability to remain enrolled in his graduate program depended in substantial part on his ability to obtain sufficient financial aid to cover mandatory tuition, health insurance, and reasonable housing costs.

85. Acting under color of state law, Defendant Prewett and one or more Doe Defendants personally imposed a personal, categorical ban on Plaintiff's ability to submit PJ and budget increase applications, cancelled Plaintiff's Graduate PLUS Loan for Fall 2024 on demonstrably false SAP grounds, delayed disbursement of restored aid until November 1, 2024, and reduced Plaintiff's Cost of Attendance by excluding mandatory health insurance and necessary housing expenses.

86. Defendants undertook these adverse actions without first providing Plaintiff with timely and adequate notice of the factual bases for the categorical PJ ban, the SAP-based cancellation, the delayed disbursement, or the Cost of Attendance reduction, and without

advising Plaintiff of any fair procedure to contest or appeal those decisions before they took effect.

87. To the extent any internal appeal or review mechanisms existed within SBU's Financial Aid Office or university administration, Defendants either denied Plaintiff meaningful access to those mechanisms or failed to provide him with the information necessary to invoke them promptly and effectively.

88. As a result of Defendants' actions, Plaintiff's access to financial aid necessary to continue his enrollment at SBU was revoked, withheld, or materially restricted, causing a cumulative budget deficit of approximately $15,217, contributing to housing instability, and placing Plaintiff's continued enrollment at substantial risk.

89. Defendants' deprivation of Plaintiff's property interest in continued enrollment and financial aid eligibility occurred without the minimal procedural safeguards required by the Fourteenth Amendment, including adequate notice of the grounds for adverse action and a meaningful opportunity to be heard before, or promptly after, the deprivation.

90. As a direct and proximate result of Defendants' violation of Plaintiff's procedural due process rights, Plaintiff has suffered and continues to suffer financial losses, educational harms, and other damages in an amount to be determined at trial.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

91. A declaratory judgment that Defendants' conduct as alleged herein violated Plaintiff's rights under Title II of the ADA, Section 504 of the Rehabilitation Act, and the Fourteenth Amendment to the United States Constitution.

92. Prospective injunctive relief requiring SBU and its officials, including Defendants Prewett and Blocker in their official capacities, to: (a) provide Plaintiff with individualized PJ and budget increase review consistent with federal law and SBU policy; and (b) comply with SASC-recommended accommodations for Plaintiff in his academic coursework.

93. Compensatory damages against SBU where legally available, and against Defendants Prewett, Blocker, and Does 1–10 in their individual capacities, in an amount to be determined at trial.

94. Punitive damages against Defendants Prewett, Blocker, and Does 1–10 in their individual capacities under 42 U.S.C. § 1983, in an amount sufficient to punish and deter similar misconduct.

95. An award of costs and reasonable attorney's fees pursuant to 42 U.S.C. §§ 1988 and 12205, and any other applicable fee-shifting provision.

96. Such other and further relief as the Court deems just and proper.

---

## VII. JURY DEMAND

97. Plaintiff demands a trial by jury on all issues so triable.

Dated: February 4, 2026

Queens, New York

Respectfully submitted,

**SULTAN MARUF**

*Pro Se*
2043 Seagirt Blvd., Apt. 2F
Far Rockaway, NY 11691
Email: sultanmaruf@live.com
Phone: (929) 451-2152

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| SULTAN MARUF | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| STONY BROOK UNIVERSITY | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

### SUMMONS IN A CIVIL ACTION

STONY BROOK UNIVERSITY

To: *(Defendant's name and address)* Office of the New York State Attorney General
Managing Attorney's Office
28 Liberty Street, 16th Floor
New York, NY 10005

*gu
2/4/2026*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  SULTAN MARUF
2043 Seagirt Blvd., Apt. 2F
Far Rockaway, NY 11691

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| SULTAN MARUF <br><br> _____ <br> *Plaintiff(s)* <br> v. <br><br> STONY BROOK UNIVERSITY; <br> NICHOLAS PREWETT; <br> LILY BLOCKER; <br> JOHN/JANE DOES 1–10; <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   NICHOLAS PREWETT

STONY BROOK UNIVERSITY
OFFICE OF FINANCIAL AID
STONY BROOK UNION, SUITE 208
STONY BROOK, NY 11794-3252

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   SULTAN MARUF
2043 Seagirt Blvd., Apt. 2F
Far Rockaway, NY 11691

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| SULTAN MARUF <br><br> *Plaintiff(s)* <br> v. <br> LILY BLOCKER <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

LILY BLOCKER

STONY BROOK UNIVERSITY
COLLEGE OF BUSINESS
256 HARRIMAN,
STONY BROOK, NY 11794

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    SULTAN MARUF
2043 Seagirt Blvd., Apt. 2F
Far Rockaway, NY 11691

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*




My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

Revised 12.10.2023, Effective 12.10.2023

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SULTAN MARUF

**DEFENDANTS**

STONY BROOK UNIVERSITY; NICHOLAS PREWETT; LILY BLOCKER; JOHN/JANE DOES 1–10;

**(b)** County of Residence of First Listed Plaintiff    **QUEENS COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sultan Maruf
2043 Seagirt Blvd., Apt. 2F, Far Rockaway, NY 11691,
PHONE: (929) 451-2152

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee * | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 861 HIA (1395ff) | |
| | ☒ 448 Education | ☐ 540 Mandamus & Other | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 865 RSI (405(g)) | |
| | | **IMMIGRATION** | **FEDERAL TAX SUITS** | |
| | | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12132 (ADA Title II); 29 U.S.C. § 794 (Rehabilitation Act §504); 42 U.S.C. § 1983

Brief description of cause:
Disability discrimination, failure to accommodate, and retaliation in public university financial aid and academic programs; constitutional violations ⊞

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration  No

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☑ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

Not applicable — pro se individual plaintiff.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

NONE

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you **must select Office Code 2**.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No

2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No

3. If you answered "No" to all parts of Questions 1 and 2:

   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? Yes

   b. Do the majority of defendants reside in Nassau or Suffolk County? Yes

   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? No

4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? No

   *(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. No

   If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No   If yes, please explain:

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No    2. Does this case require immediate attention of a judge? No

Check Form to Validate Before Signing

I certify the accuracy of all information provided above.

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Signature: _____    Date:_____

Revised 12.10.2025; Effective 12.10.2025                     PAGE TWO OF TWO

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**Page One Instructions**

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Page Two Instructions**

A. Certification of Arbitration Eligibility: Indicate whether the case is eligible for arbitration under Local Civil Rule 83.7. If you answer No, please check at least one of the reasons that the case is not eligible.

B. Disclosure Statement - Federal Rules of Civil Procedure 7.1: If additional space is needed, please add the parties on an additional page.

C. Related Case Statement: If additional space is needed, please add the parties on an additional page.

D. Division of Business Rule 1(d)(3): Your answers in this section will determine whether your case will be designated as a Central Islip or Brooklyn case. Failure to complete this section may result in a delay assigning your case to a judge. Anwer all four (4) questions in this part, including 3(a), 3(b), and 3(c).

E. Bar Admission: Answer both questions.

F. Immigration Habeas: Answer both questions.

**Click "Check Form to Validate Before Signing." If any required fields have not been completed, please do so before signing.**

**Date and Attorney Signature.** Date and sign the civil cover sheet